UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| Josh Krehbiel,<br><br>Plaintiff,<br><br>v.<br><br>Union Pacific Railroad Co.,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT**<br>(JURY TRIAL DEMANDED) |

Plaintiff Josh Krehbiel ("Krehbiel") files this Complaint against Defendant Union Pacific Railroad Co. ("Union Pacific") for damages resulting from its violation of the Americans with Disabilities Act, 42 U.S.C § 12101 *et seq.*, as amended ("ADA").

**PARTIES**

1. Krehbiel is an individual who, during the events giving rise to his claims herein, resided and worked for Union Pacific in Salina, Kansas.

2. Union Pacific is a railroad carrier engaged in interstate commerce. It operates trains throughout Kansas, and is headquartered in Omaha, Nebraska.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

4. This Court has personal jurisdiction over Union Pacific because Union Pacific maintains a significant business presence within Kansas, and Union Pacific's acts and omissions giving rise to Krehbiel's claim occurred in Kansas.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the a substantial part of the events or omissions giving rise to Krehbiel's claims occurred in this district.

## FACTUAL ALLEGATIONS

6. Krehbiel was hired by Union Pacific in 2015.

7. In February of 2017, Krehbiel attempted suicide.

8. When Krehbiel tried to return to work, Union Pacific obtained and combed through all of his medical records to find a reason to justify refusing to return him to service due to medical reasons.

9. Such effort was part of Union Pacific's pattern and practice of preventing employees from returning to work from medical leave regardless of whether they are able to perform their jobs' essential functions.

10. Union Pacific is engaging in such pattern and practice because it wants to reduce its workforce without furloughing younger employees, and its collective bargaining agreement with my union prevents it from removing more senior employees from service without cause.

11. Union Pacific found no evidence in Krehbiel's medical records to suggest that he suffered a condition that necessitated any medical restrictions.

12. Pursuant to the above-described pattern and practice, however, Union Pacific claimed that Krehbiel suffered a psychiatric condition that necessitated permanent restrictions.

13. The restrictions, in turn, prevent Krehbiel from holding any meaningful job at Union Pacific.

## CAUSES OF ACTION

### COUNT I
### DISABILITY DISCRIMINATION, IN VIOLATION OF THE ADA

14. Section 12112(a) of the ADA prohibits employers from discriminating

against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

15. At all relevant times, Krehbiel was an individual with a disability under the ADA.

16. Krehbiel is a qualified individual under the ADA.

17. Union Pacific discriminated against Krehbiel on the basis of disability when it refused to allow him to return to his job following his approved medical leave of absence.

18. Because Union Pacific violated 42 U.S.C. § 12112, Krehbiel has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Krehbiel is also entitled to attorneys' fees and costs incurred in connection with these claims.

19. Union Pacific committed the above-alleged acts with reckless or deliberate disregard for Krehbiel's rights. As a result, Krehbiel is entitled to punitive damages.

## COUNT II
## FAILURE TO ACCOMODATE, IN VIOLATION OF THE ADA

20. At all relevant times, Krehbiel was an individual with a disability under the ADA.

21. Union Pacific was aware of Krehbiel's disability.

22. Discriminating against a qualified individual with a disability includes:

> [N]ot making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]

42 U.S.C. § 12112(b)(5)(A).

3

23. If Union Pacific believed that Krehbiel's disability prevented him from performing any essential function of his job, it had a duty to explore whether a reasonable accommodation existed that would allow Krehbiel to perform the essential functions of his job.

24. Union Pacific failed to engage with Krehbiel in the interactive process, and failed to offer reasonable accommodation to Krehbiel.

25. Because Union Pacific violated 42 U.S.C. § 12112, Krehbiel has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Krehbiel is also entitled to attorneys' fees and costs incurred in connection with these claims.

26. Union Pacific committed the above-alleged acts with reckless disregard or deliberate disregard for Krehbiel's rights and safety. As a result, Krehbiel is entitled to punitive damages.

## COUNT III
## IMPERMISSIBLE MEDICAL EXAMINTION, IN VIOLATION OF THE ADA

27. At all relevant times, Krehbiel was an individual with a disability under the ADA.

28. Section 12112(d)(1) of the ADA defines "discriminat[ing] against a qualified individual on the basis of disability" as including certain medical examinations and inquiries.

29. Section 12112(d)(4) of the ADA prohibits employers from "requir[ing] a medical examination and [from]. . . mak[ing] inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business

necessity"

30. Union Pacific discriminated against Krehbiel on the basis of disability by making inquiry into Krehbiel's private therapy records and other medical records, in violation of 42 U.S.C. § 12112(d)(4).

31. Because Union Pacific violated 42 U.S.C. § 12112, Krehbiel has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Krehbiel is also entitled to attorneys' fees and costs incurred in connection with these claims.

32. Union Pacific committed the above-alleged acts with reckless disregard or deliberate disregard for Krehbiel's rights and safety. As a result, Krehbiel is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Krehbiel prays for judgment against Union Pacific as follows:

33. That the practices of Union Pacific complained of herein be determined and adjudged to constitute violations of the ADA;

34. For an injunction against Union Pacific and its directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

35. For an award of damages arising from loss of past and future income, emotional distress, and other compensatory damages in an amount to be determined by the trier of fact;

36. For an award of pre-judgment interest, as provided by law;

37. For an award of Krehbiel's costs, disbursements and attorneys' fees pursuant to law;

38. For all relief available under the ADA;

39. For such other and further relief available by statute; and

40. For such other and further relief as the Court deems just and equitable.

Dated: January 2, 2019

/s/ Christopher H. Leach
Christopher H. Leach
**HUBBELL LAW FIRM, LLC**
1100 Main Street, Suite 2930
Kansas City, MO 64105
Telephone:	(816) 221-5666
Fax:	(816) 221-5259
Email:	cleach@hubbellfirm.com

AND

Nicholas D. Thompson
**THE MOODY LAW FIRM**
nthompson@moodyrrlaw.com
500 Crawford Street, Suite 200
Portsmouth, VA 23704
(757) 673-9161 Work
(757) 477-0991 Cell
(757) 397-7257 Fax

**ATTORNEYS FOR PLAINTIFF**