# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSH KREHBIEL, | |
| Plaintiff, | |
| v. | Case No. 2:19-CV-02002-JAR-JPO |
| UNION PACIFIC RAILROAD CO., | |
| Defendant. | |

## MEMORANDUM AND ORDER

Plaintiff Josh Krehbiel brings this action against Defendant Union Pacific Railroad Company, alleging claims of disability discrimination on theories of disparate treatment (Count I), failure to accommodate (Count II), and impermissible medical examination (Count III) under the Americans with Disabilities Act as Amended ("ADA"). Before the Court is Defendant's Motion to Dismiss (Doc. 10) pursuant to Fed. R. Civ. P. 12(b)(6). Defendant asserts that Plaintiff failed to timely exhaust administrative remedies as to all claims, and further that Plaintiff failed to allege facts sufficient to state a claim upon which relief can be granted as to Counts II and III. On July 9, 2019, the Court ordered Plaintiff to file a surreply, informing the Court whether he had opted out of a class action asserting the same claims that is pending in the District of Nebraska and addressing Defendant's argument that the class action precludes Plaintiff's claims here. The matter is fully briefed, and the Court is prepared to rule. For the reasons set forth in detail below, Defendant's motion is **granted in part and denied in part**.

### I. Legal Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative

level"[1] and must include "enough facts to state a claim for relief that is plausible on its face."[2] Under this standard, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[3] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[4] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[5] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[6]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the Court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[7] Thus, the Court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[8] Second, the Court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[9] "A claim has facial plausibility when the plaintiff pleads factual content

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)).

[2] *Id*. at 570.

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[5] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[6] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[7] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[8] *Id.* at 678–79.

[9] *Id*. at 679.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

Finally, if the Court on a Rule 12(b)(6) motion looks to matters that were not attached to the complaint or incorporated into the complaint by reference, it generally must convert the motion to a Rule 56 motion for summary judgment.[11] However, the Court may consider documents that are referred to in the complaint if they are central to the plaintiff's claim and the parties do not dispute their authenticity.[12] Here, the Court considers Plaintiff's Equal Employment Opportunity Commission ("EEOC") charge, which Defendant attaches to its motion to dismiss.[13]

## II. Factual Allegations

### A. Timeline of Events

The Court derives the following facts from Plaintiff's Complaint.

Plainiff began working for Defendant in 2015.[14] Following his suicide attempt in February of 2017, Plaintiff took medical leave to recover.[15] When Plaintiff attempted to return to work—at some unspecified date thereafter—Defendant obtained and "combed through" Plaintiff's medical records.[16] Plaintiff was then placed under medical restrictions due to an

---

[10] *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

[11] Fed. R. Civ. P. 12(d); *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384–85 (10th Cir. 1997).

[12] *See Alvarado v. KOB-TV, LLC,* 493 F.3d 1210, 1215 (10th Cir. 2007); *GFF Corp.*, 130 F.3d at 1384–85.

[13] Doc. 11-1.

[14] Doc. 1 at 2.

[15] *Id*.

[16] *Id*.

alleged "psychiatric condition" that prevented him from "holding any meaningful job" with Defendant.[17]

### B. EEOC Charge

The Court derives the following facts from Plaintiff's EEOC charge.[18]

Plaintiff filed a charge with the EEOC on July 17, 2018, alleging disability discrimination.[19] On November 8, 2018, the EEOC sent Plaintiff a right-to-sue letter, notifying him that it closed the file on the charge due to untimely filing.[20] Plaintiff filed his Complaint in the present action on January 2, 2019.

### C. Related Class Action

Plaintiff was a member of a class action lawsuit against Defendant pending in the District of Nebraska.[21] The class action was filed on November 25, 2015 and asserts ADA claims of (1) disparate treatment, (2) disparate impact, and (3) unlawful medical inquiry based on Defendant's Fitness-for-Duty program.[22] The class members are individuals who were subjected to a fitness-for-duty examination as a result of a reportable health event within a particular time period.[23] The putative class petitioned for class certification on August 17, 2018, and certification was granted February 5, 2019.[24]

---

[17] *Id*.

[18] This charge was submitted by Defendant with its motion to dismiss.

[19] Doc. 11-1, Ex. A.

[20] Doc. 11-1, Ex. B.

[21] Doc. 15-1. Plaintiff has represented to the Court that he opted-out of the class. Doc. 25 at 1.

[22] *Harris v. Union Pac. R.R. Co.*, No. 8:16-cv-381, 329 F.R.D. 616, 620 (D. Neb. Feb. 5, 2019) (order granting class certification).

[23] *Id.* at 621.

[24] *Id*. at 628.

**III. Discussion**

    **A.    Exhaustion of Administrative Remedies**

Defendant asserts that Plaintiff's claims are time-barred because he failed to exhaust administrative remedies. The ADA requires plaintiffs to exhaust their administrative remedies by filing a charge with the EEOC within 300 days of the alleged discrimination and obtain a right-to-sue letter prior to filing a complaint.[25] Plaintiff did not allege any specific dates of discrimination in either his Complaint or EEOC charge. The only date provided by Plaintiff is "February 2017," the date of his suicide attempt that prompted his medical leave.[26] The EEOC charge was filed on July 24, 2018. For the EEOC charge to be timely filed, the adverse employment action needed to occur after September 27, 2017. Plaintiff has alleged no adverse employment actions after February 2017. Although Plaintiff argues that it is possible that discriminatory actions took place after September 27, 2017, Plaintiff has failed to plead facts from which the Court may infer that it is plausible.[27] Accordingly, absent tolling, Plaintiff's ADA claims are time-barred. Thus, the Court must consider whether Plaintiff's claims are tolled.[28]

        **1.    Equitable Tolling**

The Tenth Circuit applies a strict standard when a plaintiff asserts equitable tolling: equitable tolling only applies when the defendant has actively deceived the plaintiff in such a

---

[25] 42 U.S.C. § 12117 (incorporating Title VII's enforcement provisions (found in 42 U.S.C. § 2000e-5) into the ADA).

[26] Doc. 1 at 2.

[27] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[28] *Zipes v. TWA*, 455 U.S. 385, 393 (1982) ("A timely charge of discrimination with the EEOC is . . . a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.").

way that the plaintiff is "lulled into inaction."[29]  To show active deception for purposes of a Rule 12(b)(6) motion, a plaintiff must plead facts that their failure to timely file "resulted from either (1) a deliberate design by the employer or (2) actions that the employer should have unmistakably understood would cause the plaintiff to delay filing a charge."[30]

Plaintiff does not allege active deception by Defendant.  Plaintiff points only to the fact that Defendant "told Krehbiel that he is still an employee but that he is subject to certain restrictions that it cannot currently accommodate."[31]  Plaintiff does not allege that this was a purposeful delay tactic or that Defendant should have known this action would delay Plaintiff's filing of an EEOC charge.  Accordingly, Plaintiff may not rely on equitable tolling to toll the administrative exhaustion period.

### 2. Class Action Tolling under *American Pipe*

Alternatively, Plaintiff asserts that his claims are tolled under the principles set forth by the Supreme Court in *American Pipe*[32] because he was part of a putative class action at the time of Defendant's alleged discriminatory actions.  The Supreme Court held in *American Pipe* that "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene *after* the court has found the suit inappropriate for class status."[33]  Courts have grappled with whether class action tolling applies

---

[29] *Bennett v. Quark, Inc.*, 258 F.3d 1220, 1226 (10th Cir. 2001) (quoting *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)).

[30] *Id.*  Equitable tolling is typically invoked in circumstances in which the defendant made promises to appease the plaintiff, such as promising a promotion or reinstatement without the intention of following through. *See Dahshan v. State ex. Rel. Bd. of Regents of the Univ. of Okla.*, No. 18-CV-186-TCK-FHM, 2008 WL 4899279, at *6 (N.D. Okla. Nov. 12, 2008) (applying equitable tolling when Defendant-employer promised reinstatement during an internal mediation but later refused to execute the agreement).

[31] Doc. 15 at 5.

[32] 414 U.S. 538 (1974).

[33] *Id.* at 553 (emphasis added).

6

to plaintiffs who filed their individual suits *prior* to the class certification decision.[34] The Tenth Circuit follows the majority rule, which extends *American Pipe* tolling to plaintiffs who file individual suits prior to class certification.[35] In *Boellstorff*, the Tenth Circuit held that class members may "bring an individual suit during the pendency of a district court's consideration of class certification in a class action raising the same issues and thereby take advantage of the tolling effect that, under *American Pipe*, the class action has on the statute of limitations."[36] Here, Plaintiff has represented to the Court that he opted out of the class action and is instead pursing this individual action.[37]

Defendant argues that two recent Supreme Court cases undermine *Boellstorff*.[38] The Court is not persuaded. As an initial matter, neither case involves the situation addressed in *Boellstorff* and present here: an individual suit by a putative class member filed prior to a court's class certification decision. In *ANZ Securities*, the Supreme Court held that statutes of repose are not tolled under *American Pipe* because statutes of repose are enacted to protect defendants, unlike statutes of limitations, which are designed to encourage plaintiffs to pursue claims before they are stale.[39] *China Agritech* concerned follow-on class actions, an entirely distinct issue from the individual claims asserted in *American Pipe* and here.[40] Accordingly, these decisions

---

[34] *See generally In re Hartford Nuclear Reservation Litig.*, 534 F.3d 986 (9th Cir. 2008); *In re WorldCom Sec. Litig.*, 496 F.3d 245 (2d Cir. 2007); *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553 (6th Cir. 2005); *Glater v. Eli Lilly & Co.*, 712 F.2d 735 (1st Cir. 1983).

[35] *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1235 (10th Cir. 2008).

[36] *Id*.

[37] Doc. 25 at 1.

[38] *Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042 (2017); *China Agritech v. Resh*, 138 S. Ct. 1800 (2018).

[39] *See ANZ Securities*, 137 S. Ct. at 2049.

[40] *China Agritech*, 138 S.Ct. at 1811.

do not abrogate the Tenth Circuit's reasoning in *Boellstorff*, and this Court is bound by *Boellstorff* in the present action.

Defendant also argues that because *ANZ Securities* clarified that *American Pipe* is equitable in nature, the Court should engage in a case-by-case analysis.[41] The Court is not compelled by this argument. While *American Pipe* is "grounded in the traditional equitable power of the judiciary,"[42] Defendant points the Court to no cases where *American Pipe* tolling was applied on a case-by-case basis.[43] *American Pipe* and *Boellstorff* establish that in this Circuit, a class action tolls individual claims as to its class members,[44] including class members who opt-out of the class and file their individual actions prior to class certification.[45]

Although Plaintiff did not exhaust his administrative remedies within 300 days of the alleged discrimination, a class action was filed in 2014, before his individual claims arose. Plaintiff was identified as a member of that class, he opted out of that class to pursue this individual action, and accordingly, his individual claims—to the extent they are identical to the claims asserted in the class action—are tolled by the class action.[46] Plaintiff's filing of his individual claim prior to the class certification decision does not preclude the application of *American Pipe* tolling to his claim.[47] The class action asserts claims of: (1) disparate treatment,

---

[41] The Tenth Circuit previously held that *American Pipe* tolling was legal in nature. *See Joseph v. Wiles*, 223 F.3d 1155 (10th Cir. 2000).

[42] *See ANZ Securities*, 137 S. Ct. at 2052.

[43] Defendant cites *Jarrett v. US Sprint Communications Co.*, 22 F.3d 256, 260 (10th Cir. 1994) in support of its argument that the court should apply *American Pipe* tolling on a case-by-case basis. *Jarrett* did not involve class action tolling; rather, the court noted that equitable tolling, generally, should be determined on a case-by-case basis. *Id*.

[44] See *American Pipe*, 414 U.S. at 553.

[45] See *Boellstorff*, 540 F.3d at 1235.

[46] See *American Pipe*, 414 U.S. at 553; *Boellstorff*, 540 F.3d at 1233 (noting that those that would take advantage of this rule would be the same as those who would "later opt-out if a class is certified of file individual suits if not.")

[47] See *Boellstorff*, 540 F.3d at 1235.

(2) disparate impact, and (3) unlawful medical inquiry.[48] Accordingly, Plaintiff's claims for disparate treatment and unlawful medical inquiry are tolled. The class action, however, does not assert a failure to accommodate claim.[49] Without a class action claim, there is no *American Pipe* tolling available to Plaintiff.[50] Accordingly, Plaintiff's failure to accommodate is unexhausted and time-barred. Defendant's Motion to Dismiss Count II—Failure to Accommodate—is **granted**. Defendant's Motion to Dismiss Count I—Disparate Treatment—for failure to timely exhaust administrative remedies is **denied**.[51]

### B. Failure to State a Claim

#### 1. Failure to Accommodate

Defendant also argues that Plaintiff has failed to establish a prima facie case of failure to accommodate. As discussed above, the Court finds that Plaintiff's failure to accommodate claim is not tolled and is accordingly unexhausted. Out of an abundance of caution, the Court considers whether Plaintiff has failed to state a claim.

To plead failure to accommodate, Plaintiff must make a facial showing that (1) he is disabled for the purposes of the ADA; (2) he is otherwise qualified for the position; and (3) he requested a reasonable accommodation.[52] Plaintiff does not assert that he requested any kind of accommodation from Defendant. Indeed, he alleges that he did not need any accommodations to

---

[48] *Harris v. Union Pac. R.R. Co.*, No. 8:16-cv-381, 329 F.R.D. 616, 620 (D. Neb. Feb. 5, 2019).

[49] *Id.*

[50] *See In re WorldCom Sec. Litig.*, 496 F.3d 245, 255 (2d Cir. 2007) ("It would not undermine the purposes of statutes of limitations to give the benefit of tolling to all those who are asserted to be members of the class for as long as the class action *purports to assert their claims*.") (emphasis added); *Hutton v. Deutsche Bank AG*, 541 F. Supp. 2d 1166, 1172 (D. Kan. 2008) (quoting *Shriners Hosp. for Children v. Qwest Commc'ns Int'l Inc.,* No. 04–00781, 2007 WL 2801494, at *3 (D.Colo. Sept. 24, 2007)) ("Further, the tolling in *American Pipe* is only available for the same claims asserted in the putative class action complaint, and is not to be 'abused by the assertion of claims that differ from those raised in the original class suit.'").

[51] Defendant does not assert that Plaintiff has failed to state a disparate treatment claim.

[52] *Punt v. Kelly Servs.*, 862 F.3d 1040, 1050 (10th Cir. 2017).

perform the essential functions of the position and that Defendant improperly assumed limitations where there were none.[53] Accordingly, Plaintiff has failed to state a failure to accommodate claim upon which relief may be granted.

### 2. Impermissible Medical Examination

Defendant also asserts that Plaintiff failed to state a claim for impermissible medical examination. Under Title I of the American with Disabilities Act ("ADA"),

> [a] covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.[54]

"This prohibition is intended to prevent inquiries of employees that do not serve legitimate business purposes."[55]

To survive a motion to dismiss, Plaintiff must plead that (1) he was an employee of Defendant[56] and (2) that Defendant required a medical examination or made a disability-related inquiry of him.[57] Under the ADA, a medical inquiry is improper if it "may tend to reveal a disability."[58] Plaintiff alleges that Defendant sought and obtained his full medical record when he tried to return from medical leave. Generally, an "employer cannot request an employee's complete medical records because they are likely to contain information unrelated to whether the

---

[53] Doc. 1 at 2.

[54] 42 U.S.C. § 12112(d)(4)(A).

[55] *Riechmann v. Cutler-Hammer, Inc.*, 95 F. Supp. 2d 1171, 1184 (D. Kan. 2000) (citing 29 C.F.R. § 1630.13(b)).

[56] This element is not disputed.

[57] *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 901 (10th Cir. 2017).

[58] *Conroy v. N.Y. State Dep't of Corr. Servs.*, 333 F.3d 88, 95 (2d Cir. 2003).

employee can perform his/her essential functions or work without posing a direct threat."[59] Certainty, an inquiry into an employee's entire medical record may tend to reveal a disability. Accordingly, Plaintiff has pled facts to support his claim that Defendant made a disability-related inquiry of him.

Defendant argues that the ADA permits inquiries that are "job-related and consistent with business necessity," as was the case here.[60] This argument, however, is premature.[61] At the motion to dismiss stage, Plaintiff has plausibly alleged an improper disability-related inquiry. Accordingly, Defendant's Motion to Dismiss Count III for failure to state a claim is **denied**.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 10) is **granted in part** as to Count II and **denied in part** as to Counts I and III.

**IT IS SO ORDERED.**

Dated: July 26, 2019

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> CHIEF UNITED STATES DISTRICT JUDGE

---

[59] *Equal Employment Opportunity Enforcement Guidance: Disability-Related Inquiries and Medical Examinations of Employees under the Americans with Disabilities Act*, 2000 WL 33407181, at *12 (July 27, 2000).

[60] 42 U.S.C. § 12112(d)(4)(A).

[61] *Adair v. City of Muskogee*, 823 F.3d 1297, 1312 (10th Cir. 2016) (quoting *Conroy v. N.Y. State Dep't of Corr. Servs.*, 333 F.3d 88, 97 (2d Cir. 2003)) ("[C]ourts will readily find a business necessity if an employer can demonstrate that a medical examination or inquiry is necessary to determine . . . whether the employee can perform job-related duties when the employer can identify legitimate, non-discriminatory reasons to doubt the employee's capacity to perform his or her duties.").